THOMAS, Circuit Judge,
dissenting:
Because I believe the single incident at issue in this case was sufficiently severe to create an abusive working environment, I respectfully dissent.
I recognize that a single incident of workplace harassment must be “extremely serious” to constitute sexual harassment. Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Here, as in Howley v. Town of Stratford, 217 F.3d 141 (2d Cir.2000), the harasser explicitly linked the employee’s work status with her physical attributes behavior and delivered the offending comment before a group of the target’s coworkers, some of whom were her subordinates.
AT & T failed to adequately correct the offender’s behavior. Under California’s Fair Employment and Housing Act, “[hjarassment of an employee ... by an employee ... shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action.” Cal. Gov’t Code § 12940(j)(l). AT & T never formally disciplined the offending employee. In addition, questions of fact exist on whether the “diversity training” offered by AT & T adequately addressed the topic of sexual harassment.
In context, the skit was sufficiently serious to create a triable issue of fact. Therefore, I would reverse the district court’s grant of summary judgment.